■The opinion of-the Court was delivered by

Mr. Justice Johnson. ,
The general rule is, that if the party defends as executor or administrator, he is liable for costs, as other defendants; and 'the judgment,, as to the costs, is, de bonis tesfatoris vel intestati, ■ si,, tyc. et si non, tune de bonis propriis. Hullock’s Law of Costs, 196. This rule, like, all others, must be understood with reference .to the subject to which it relates. . In actions between •parties, in- their own right, if there are several issues, and judgment be given for the plaintiff on any of them, the defendant is -liable • for costs; or in other words, the costs follow the judgment. But, it is not always so in actions against executors and ‘administrators; for if they plead plene administravit, or plene administravit praeter only, and the issue taken thereon be found for them, they are not liable for costs de bonis propriis, although judgment is given for the plaintiff, of assets quando acciderint. It follows then, that the correct rule is, that they are only liable when they plead a plea which is found against them or one which is nottruein point offact. Hullock's Law of Costs, 197-8, 1 Saunders, 336, a. & b. Note 10.
In this case, the issue was taken on the plea of non assump-sit; which was found against the defendant! the plea was there- *53 . . ■fore not true in point of fact; and according to the rule,' the defendant is liable for the costs de bonis propriis.
The motion is refused. —
Johnson, JSfoii, Richardson,' Huger and Colcoclc, Justices, concurred. — I dissent, Gantt«